UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ ) | | |
| UNITED STATES OF AMERICA, ) | | |
|                        Plaintiff, ) | | CIVIL ACTION |
| ) | | NO.  4:17-cr-30022-TSH |
|                  v. ) | | |
| ) | | |
| VICTOR HUGO GONZALEZ, ) | | |
|                       Defendant. ) | | |
| _____ ) | | |

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (Docket No. 424)**

**January 14, 2021**

**HILLMAN, D.J.,**

The Defendant, Victor Hugo Gonzalez ("Mr. Gonzalez" or "Defendant"), pled guilty on July 15, 2020 to one count of Conspiracy To Distribute And Possess With Intent To Distribute Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) (five kilograms or more of cocaine), and Conspiracy To Commit Money Laundering, in violation of 18 U.S.C. § 1956(h).  On November 30, 2020, I sentenced him to 76 months of incarceration, followed by a three-year term of supervised release. On December 21, 2020, Mr. Gonzalez filed this *pro se* Motion for Compassionate Release seeking his immediate release from custody pursuant to 18 U.S.C. § 3582(c)(1)(A), or that he be allowed to serve the remainder sentence in home detention.  (Docket No. 424).  Having considered the Motion and the United States' Opposition (Docket No. 425), the Defendant's Motion for Compassionate Release (Docket No. 424) is ***denied without prejudice***.

**Discussion**

Section 3582(c) begins with the general principle that "a court may not modify a term of imprisonment once it has been imposed . . ." Upon motion of the Director of the Bureau of Prisons

("BOP") or a defendant,[1] however, a court "may reduce the term of imprisonment (and may impose a term of probation and supervised release with or without conditions that does not exceed the unserved portion of the original terms of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, [2] if it finds that ". . . extraordinary and compelling reasons warrant such a reduction." *Id*. § 3582(c)(1)(A). Congress provided that the United States Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied a list of specific examples." 28 U.S.C. § 994(t).

Although the Commission has not released an updated policy statement addressing when compelling and extraordinary reasons exist for sentence reduction in the context of the COVID-19 pandemic, federal courts have used its most recent November 2018 policy statement as guidance. Under that guidance as it pertains to a defendant's medical condition, compelling and extraordinary circumstances exist when the defendant is suffering from a terminal illness or is: "(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13.

---

[1] The Defendant must first exhaust his administrative remedies under 18 U.S.C. § 3582(c)(1)(A)(i).
[2] The § 3553(a) factors include: (1) the need for the sentence imposed to, among other factors, reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct; (2) the kinds of sentences available; (3) the kinds of sentences and the sentencing range established by the applicable category of offense and defendant; (4) any pertinent policy statement guidelines issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar record who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

Upon consideration of the current and potential prospective impact of the pandemic together with an individualized assessment of relevant factors as they pertain to Mr. Gonzalez, I find that he has not met the burden necessary to secure a compassionate release. These factors include: (1) whether the defendant suffers from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover; (2) the health, safety, and living conditions at the facility where the defendant is housed, any specific crowding issues, and the specific steps taken by the facility in response to the spread of COVID-19; and (3) the crime of conviction and length of the defendant's remaining sentence.

As a threshold issue, Mr. Gonzalez claims the warden at the Wyatt Detention Facility denied his compassionate release request on December 14, 2020. However, he did not provide any documentation to prove that he has exhausted his administrative remedies.

Mr. Gonzalez argues that there are two compelling and extraordinary reasons that justify his release, or the conversion of his remaining sentence to home confinement. First, he has contracted COVID-19 and reports he is experiencing chronic fatigue. Second, he cites the number of COVID-19 cases at Wyatt, by which the Court infers that he believes he will be at risk of reinfection after his recovery. If released, he says that he would reside with his father in Perris, California.

Although the Court does not minimize the dangers that COVID-19 poses, the Defendant has not provided any diagnosis or treatment records substantiating his claims, and his self-reported symptoms are not severe. Moreover, he has not alleged any lack of proper medical care or provided evidence that he has other medical conditions that increase his risk of a severe course

of COVID-19. In fact, he has not offered medical evidence of any kind. He is 29 years old, so his age does not place him in a higher risk category.

Mr. Gonzalez has not provided any evidence to confirm his claims about his health or that he has exhausted his administrative remedies. Even if he had provided documentation to substantiate his diagnosis and the Court was satisfied that he had exhausted his administrative remedies, Mr. Gonzalez has not shown why chronic fatigue alone in a 29-year-old COVID-19 patient with no other symptoms or underlying medical conditions constitutes extraordinary and compelling reasons for relief under the First Step Act for a defendant who has only served 34% of his sentence.

## Conclusion

The Defendant's Motion is ***denied without prejudice***. Mr. Gonzalez may renew his motion upon a change in his health or circumstances at the Wyatt Detention Facility, or should relevant evidence about his health become available.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**